UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GINA ARMIJO, as Parent and Guardian of
Maria Sanchez, and JAMES and BRENDA HILL,
as Parents and Guardians of Jessica Hill, and
LUPE and ROGER OLSON, as Parents and
Guardians of LaToya Olson,

    Plaintiffs,

    v.                                       NO. CIV 02-754 DJS/WWD

**DEPUTY DANIEL WOUNDED KNEE,
Individually and in his Official Capacity**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court upon Defendant's Motion to Quash Service and Dismiss for Insufficiency of Process filed July 3, 2002 (Docket No. 3). Briefing on the matter was complete as of August 8, 2002. By the instant motion, Defendant asserts that Plaintiff failed to properly serve the complaint under the requirements of Fed.R.Civ.P. 4(c)(2)(C)(i) and the New Mexico law incorporated pursuant to that rule. In response, Plaintiffs contend that they have provided adequate service pursuant to New Mexico law. The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned conducting any and all proceedings in this case, including the entry of a final judgment.

    The instant action is a suit pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 alleging that

Defendant Daniel Wounded Knee, while a Deputy with the McKinley County Sheriff's Department and on duty, conducted an unlawful seizure and search of Plaintiffs' minor children. Plaintiffs assert that Defendant approached the girls on September 2, 2001 in a campground area and required them to lie on the ground at gunpoint while he searched their car and seized items of personal property, without the support of any probable cause to believe that a crime had been committed. Plaintiffs also assert that Defendant is liable for his acts pursuant to the New Mexico Tort Claims Act, NMSA 1978 §41-4-12. The suit was removed to Federal Court on June 27, 2002.

Fed.R.Civ.P. 12(b)(5) permits dismissal of a complaint for insufficiency of service of process. Such a dismissal is without prejudice. Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995). Rule 4(c)(2)(C)(i) of the Federal Rules of Civil Procedure allows a party to serve a summons and complaint "pursuant to the law of the State in which the district court is held." Plaintiffs contend that Defendant was properly served with the summons and complaint under the New Mexico Supreme Court rule that allows a party to substitute personal service with service effected by posting the summons and complaint at a defendant's "usual place of abode" and by mailing the process to "his last known mailing address."  See N.M.S.Ct.R.Ann. 1-004(F)(1). The relevant part of the New Mexico rule provides that if a defendant is

> "absent, service may be made by delivering a copy of the process or other papers to be served to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years;  and if there be no such person available or willing to accept delivery, then service may be made by posting such copies in the most public part of the defendant's premises, and by mailing to the defendant at his last known mailing address copies of the process[.]" N.M.S.Ct.R.Ann. 1-004(F)(1).

The New Mexico Supreme Court has defined the term "usual place of abode" as "the customary place of abode at the very moment the writ is left posted." Vann Tool Co. v. Grace, 566 P.2d 93, 95

(N.M.1977). In general, the New Mexico Supreme Court has recognized that "usual place of abode" is a concept that must be "decided on the specific facts of each case." Household Fin. Corp. v. McDevitt, 505 P.2d 60, 61 (1973). The burden is upon Plaintiffs to show that the complaint was posted at Defendant's "usual place of abode". Campbell v. Bartlett, 975 F.2d 1569, 1575 (10th Cir. 1992). Both parties attach exhibits in support of their arguments to their pleadings.

Plaintiffs attempted to effect service by posting a copy of the complaint on the door of a residence at #10 Kingbird, Tohatchi, New Mexico on May 29, 2002. This service was accomplished based upon Plaintiffs' process server's discussion with a neighbor of that address who stated that Daniel Wounded Knee lived there, but had not been at the residence for approximately two days. On that same day, a copy of the complaint was mailed to the #10 Kingbird address. On June 7, 2002, Carmen Wounded Knee mailed a letter to Plaintiffs' counsel in which she wrote that she had separated from Daniel Wounded Knee and that she did not know his new address. Based upon that letter, Plaintiffs hired an investigator to find Daniel Wounded Knee. The investigator talked to a neighbor of Carmen Wounded Knee, who stated that Daniel Wounded Knee lived at the #10 Kingbird residence. Plaintiffs do not indicate whether their process server and their investigator spoke to the same person. In comparison, Defendants have submitted evidence that mail addressed to Daniel Wounded Knee at #10 Kingbird is returned to the sender.

Plaintiffs have not shown that #10 Kingbird, Tohatchi, New Mexico is Daniel Wounded Knee's usual place of abode. The presence of Mr. Wounded Knee's estranged spouse at that address or even the fact of visits to it by him are insufficient to establish that residence as his place of abode. Further, the statements by a neighbor or neighbors that Mr. Wounded Knee lives at that residence, related to the Court as hearsay, is insufficient to carry Plaintiffs' burden in this case. However, as

3

an alternative do dismissal, Plaintiffs request an extension of time to effect service. The time for service ran on August 8, 2002, the day briefing was completed on the instant motion.

"The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service.... If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." Espinoza, 52 F.3d at 840. Although Rule 4(m) does not define good cause, the Tenth Circuit "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." In Re Kirkland, 86 F.3d 172, 174 (10th Cir.1996) (quoted in Hunsinger v. Gateway Management Associates, 169 F.R.D. 152, 154 (D.Kan. 1996). Similarly, "[m]istake of counsel or ignorance of the rules also usually do not suffice." Id. at 176; see also Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir.1991) (Failure of a process server to perform does not constitute good cause, because it is the responsibility of counsel to monitor the process server to ensure that the defendant is properly served).

Under the standard articulated above, Plaintiffs have not shown or argued good cause for a mandatory extension of time to serve Daniel Wounded Knee. Nonetheless, the Court holds that a permissive extension of time for service should be granted, rather than dismissing this action and requiring Plaintiffs to re-file it. The Court will grant Plaintiffs thirty days from the entry of this Memorandum Opinion and Order to effect service upon Daniel Wounded Knee.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is granted in part and denied in part. The service effected by posting the complaint at the residence and #10 Kingbird,

Tohatchi, New Mexico, is hereby quashed.

**IT IS FURTHER ORDERED** that Plaintiffs are given a thirty-day extension of time to effect service upon Daniel Wounded Knee.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**